IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Linda Gunter, Plaintiff, v. Walmart Inc., *d/b/a* Wal-Mart Super Center, Defendant. | Case No. 8:26-cv-04319-JDA **OPINION AND ORDER** |

This matter is before the Court following a Text Order to Show Cause why the Court should not remand the action to state court. [Doc. 10.] Having reviewed the applicable filings and case law, the Court concludes it does not have subject matter jurisdiction over this action and, therefore, the case is remanded to the Anderson County Court of Common Pleas.

## BACKGROUND

Plaintiff filed this case in the Anderson County Court of Common Pleas on August 26, 2026, alleging that she slipped on a substance on Defendant's premises and suffered injury resulting in medical care, embarrassment, and humiliation. [Doc. 1-1 at 2–3.] Plaintiff alleges Defendant's conduct was grossly negligent, reckless, willful, and wanton. [*Id.* at 5.] She seeks actual and punitive damages and costs. [*Id.*]

Defendant removed the action to this Court on September 28, 2026, on the basis of diversity jurisdiction. [Doc. 1.] On October 20, 2026, the Court issued a Text Order to Show Cause why the Court should not remand this action to the state court based on lack of subject matter jurisdiction because the amount in controversy does not appear to

exceed the jurisdictional threshold.* [Doc. 10.] On November 2, 2026, Defendant filed a response to the Text Order to Show Cause. [Doc. 13.] On November 10, 2026, Plaintiff filed a reply. [Doc. 19.]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*,

* The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

644 F.2d 1014, 1016 (4th Cir. 1981). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur." *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted). Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89. "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

## DISCUSSION

Plaintiff's Complaint does not specify the amount of damages sought. [*See generally* Doc. 1-1.] That said, counsel for Defendant represents that "[P]laintiff's counsel has represented to [Defendant's] attorneys[] that [P]laintiff's current medical expenses total the sum of [$114,174.99] for alleged injuries resulting from the subject incident, specifically including an arm surgery." [Doc. 13 at 2, *id.* ("[T]he amount-in-controversy exceeds [$75,000.00] based on representations of [P]laintiff's counsel; [P]laintiff's current medical bills; and [P]laintiff's claims for pain and suffering, future disability, impairment, and other consequential monetary loss.").] In addition, counsel for Defendant "conferenced with [P]laintiff's counsel, who confirmed that [P]laintiff intends to pursue damages in excess of [$75,000.00]." [*Id.*]

"If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Francis v. Allstate Ins.*, 709 F.3d 362, 367 (4th Cir. 2013) (cleaned up). Here, Defendant has failed to meet that burden. Although Defendant references discussions with opposing counsel concerning Plaintiff's medical bills to date [*see* Doc. 13 at 2], Defendant has not provided the Court with any *evidence* of those bills. *See Faraj v. Gerrie Gresham Ins. & Fin. Servs.*, No. 3:25-4382-MGL-SVH, 2026 WL 699716 (D.S.C. Mar. 12, 2026) (remanding the case to state court where the parties failed to provide any evidence to the court regarding the amount in controversy); *Konst v. State Farm Fire & Cas. Co.*, No. 0:26-cv-01284-JDA, 2026 WL 1382979 (D.S.C. May 18, 2026) (concluding that the defendant failed to provide the court with sufficient evidence that the amount in controversy exceeded $75,000 where the defendant represented that, *based solely on discussions with opposing counsel*, the estimate for repair work at the plaintiffs' property was approximately $40,000, in addition to claims for treble damages, punitive damages, and/or attorneys' fees); *cf. Busbee v. Clark*, No. 8:19-cv-1190-TMC-JDA, 2019 WL 3777640, at *7–8 (D.S.C. May 15, 2019) (concluding that the defendant failed to meet her burden of showing that the amount in controversy was satisfied where the only evidence proffered was a statement by the plaintiff during settlement discussions of what she expected to recover if the case proceeded to a jury trial), *Report and Recommendation adopted by* 2019 WL 4051690 (D.S.C. Aug. 28, 2019).

Further, "it is well-established that parties cannot consent to or waive subject matter jurisdiction." *Thomas v. Seaworld Parks & Ent. LLC*, No. 4:19cv2, 2019 WL 8333529, at *2 n.4 (E.D. Va. Dec. 19, 2019); *see* 14B Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 3702 (5th ed. 2026) ("[T]he plaintiff and the defendant may not simply agree that the amount requirement has been satisfied, since parties cannot confer subject matter jurisdiction on the federal courts by stipulation or any other mechanism."). Accordingly, the Court concludes that it does not possess subject matter jurisdiction over the claims in this action and, thus, remands the case to state court.

## CONCLUSION

Based on the foregoing, this action is REMANDED to the Anderson County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

November 16, 2026
Greenville, South Carolina